```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOUSTAPHA WALKER,

                Petitioner,

-against-

JULIE WOLCOTT, ORLEANS
CORRECTIONAL FACILITY,

                Respondent.

21 Civ. 196 (AT)

20 Civ. 4498 (AT) (BCM)

**ORDER**

ANALISA TORRES, United States District Judge:

    Petitioner Moustapha Walker, currently incarcerated in Orleans Correctional Facility, timely filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his January 18, 2018 New York County judgment of conviction. *See Walker v. Walcott,* ECF 1:20-CV-4498 (AT) (BCM) (*Walker I*). Judge Moses issued an order to answer in *Walker I* on July 30, 2020. On September 28, 2020, Respondent moved to dismiss the petition without prejudice, alleging that Petitioner has a motion, filed under New York Criminal Procedure Law § 440, pending in the state court. Judge Moses directed Petitioner to respond to the motion, and Petitioner submitted a letter asserting that Respondent's motion is "defective" and asking that the Court issue a judgment in his favor under Fed. R. Civ. P. 12(c). In that submission, Petitioner purports to seek relief under 28 U.S.C. § 2241. (ECF 12 at 2.)

    On December 2, 2020, Petitioner filed this new petition, which he styles as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in the United States District Court for the Western District of New York.[1] That court transferred the matter here. *See Walker v. Walcott,*

---

[1] Because Petitioner was incarcerated when he submitted his petition for filing, the prison mailbox rule applies. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule). Under the prison mailbox rule, the date a plaintiff signs a court submission qualifies as the filing date. *See, e.g.*, *Nash v. Kressman*, No. 11-CV-7327, 2013 WL 6197087, at

ECF 20-CV-7030 (W.D.N.Y. Jan. 6, 2021). In this new petition, Petitioner reiterates his objection to Respondent's motion to dismiss filed in *Walker I*. On January 11, 2021, upon receiving this action from the Western District, the Clerk of Court opened the petition as a new action seeking a writ of *habeas corpus* under 28 U.S.C. § 2241, and assigned it a new case number.

The Court has reviewed the petition and concludes that it should not have been opened as a new action. The petition is best construed as a supplemental response to Respondent's motion to dismiss the petition in *Walker I*. The Court therefore directs the Clerk of Court to docket the petition in this action (ECF No. 1) as Petitioner's supplemental opposition to the Respondent's motion to dismiss the petition in *Walker I*, No. 20-CV-4498, and to administratively close this action, No. 21-CV-196.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Clerk of Court is further directed to docket the petition in this action (21-CV-196, ECF No. 1) as Petitioner's supplemental opposition to the Respondent's motion to dismiss in *Walker I*, No. 20-CV-4498. The Clerk of Court is also directed to docket a copy of this order in *Walker I*, No. 20-CV-4498.

Finally, the Clerk of Court is directed to administratively close this action, No. 21-CV-196.

---

*4 (S.D.N.Y. Nov. 27, 2013) (finding that signature date on cover letter, which accompanied *pro se* complaint, established filing date for purposes of prison mailbox rule). *See generally Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's document is deemed "filed" when delivered to prison authorities for forwarding to the court).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 21, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge