UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOUSTAPHA WALKER,

           Petitioner,

-against-

JULIE WOLCOTT,

           Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _9/15/2021_

20 Civ. 4498 (AT) (BCM)

**ORDER ADOPTING REPORT AND <u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

On June 11, 2020, Petitioner *pro se*, Moustapha Walker, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] ECF No. 1. On July 28, 2020, the matter was referred to the Honorable Barbara C. Moses. ECF No. 4. On September 23, 2020, Respondent filed a motion to dismiss the petition on grounds that Petitioner had failed to exhaust his state remedies and, therefore, the Court lacks jurisdiction over the petition. ECF No. 10; Resp. Mem. at 1, ECF No. 10-2.

Before the Court is Judge Moses' Report and Recommendation (the "R&R"), which recommends that Respondent's motion to dismiss be granted without prejudice to renewal of Petitioner's claims once he has exhausted his state law remedies. ECF No. 22. Petitioner timely filed objections to the R&R. Pet. Obj., ECF No. 24. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

---

[1] On December 3, 2020, Petitioner filed a new habeas petition in the United States District Court for the Western District of New York. *Walker v. Wolcott*, No. 20 Civ. 7030 (W.D.N.Y. Dec. 3, 2020), ECF No. 1. On January 6, 2020, the action was transferred to this district. *Id.* at ECF No. 2. The Clerk of Court initially docketed the petition as a new action, but upon review, the Court concluded that the petition was "best construed as a supplemental response" to Respondent's motion to dismiss in <u>this</u> action and directed the Clerk of Court to docket it as such. ECF No. 14 at 2.

## DISCUSSION[2]

I.      Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review.") And the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

---

[2] The Court presumes familiarity with the facts, as detailed in the R&R, *see* R&R at 1–5, and, accordingly, does not summarize them here.

II. Petitioner's Objections

Petitioner fails to make any specific objections to the R&R. Instead, he "simply reiterates [his] original arguments" before Judge Moses, *Wallace*, 2014 WL 2854631, at *1, including that Respondent improperly filed a motion to dismiss without leave from Judge Moses instead of filing an answer, Pet. Obj. at 2; that Petitioner did not receive a notice of electronic filing of the motion, *id.* at 1–2;[3] that he has not been served with notice of entry of the decision on his CPL § 440.10 petition, *id*. at 3–4; and his substantive *habeas* arguments, *id.* at 4–5. Accordingly, the Court reviews the R&R for clear error only, as to find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (quotation marks and citation omitted).

The Court has reviewed the thorough and well-reasoned R&R and finds no clear error. Accordingly, the Court ADOPTS the R&R in its entirety, and Respondent's motion to dismiss the petition is GRANTED without prejudice to Petitioner renewing his claims after he exhausts his remedies in state court.

---

[3] Petitioner's only specific objection to the R&R is procedural—he states that he objects to the R&R because he did not receive a notice of its electronic filing. Pet. Obj. at 2. Even if the Court undertook *de novo* review of this limited claim, the Court finds that service upon the Petitioner was proper. The Electronic Case Filing Rules & Instructions for the Southern District of New York require that *pro se* parties "must be served with a paper copy of any electronically filed pleading or other document" in accordance with the Federal Rules of Civil Procedure, and that proof of service must be entered on the docket. *See* U.S. Dist. Ct. for the Southern Dist. of New York, *Electronic Case Filing Rules & Instructions* ¶ 9.2 (Feb. 1, 2021), https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20020121%20FINAL%20v2.pdf. In accordance with this procedure, the Clerk of Court mailed Petitioner a paper copy of the R&R to his address at Orleans Correctional Facility and filed proof of service via mail on the docket. 5/24/2021 Dkt. Entry. Even liberally construing Petitioner's claims, he has not contended that service via mail was deficient, and he timely objected to the R&R, further demonstrating that he had sufficient notice of its filing. Accordingly, this does not provide a basis for the Court to deny adoption of the R&R.

The Clerk of Court is directed to close the case, and to mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: September 15, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge